**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MICHAEL ROY COKER,**                                                                                    **PETITIONER**

**V.**                                           **NO. 1:07CV29-M-D**

**MDOC, et al.,**                                **RESPONDENTS**

## OPINION

This cause comes before the court on the petition of Michael Coker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He states that he was convicted in the Circuit Court of Lee County, Mississippi, of manufacturing and possession of methamphetamines . He further states that he was sentenced to a term three twenty year sentences, following a plea of guilty. Petitioner indicates that he has filed no appeals or petitions for post-conviction relief, but candidly admits he is "trying to beat [the] one-year limitation."

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v.*

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)      An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner candidly acknowledges that he has not presented his case to the State's highest court. Therefore, he has not exhausted his available state remedies. Consequently, his petition to this court is premature and must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 5th day of March, 2007.

                                           **/s/ Michael P. Mills**
                                           **UNITED STATES DISTRICT JUDGE**